**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                                                                                    **PLAINTIFF**

**v.**                                               **Case No. 4:18-cr-00258 KGB**

**THEADORE JOHNSON**                                                                                    **DEFENDANT**

<u>**ORDER**</u>

Pending before the Court is defendant Theadore Johnson's motion for early termination of supervised release and brief in support (Dkt. No. 2).  The government opposes Mr. Johnson's motion (Dkt. No. 10).  For the following reasons, the Court grants Mr. Johnson's motion for early termination of supervised release (Dkt. No. 2).

On October 5, 2007, Mr. Johnson pled guilty to one count of conspiracy to distribute at least 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A), 846, and 841 in Case Number 3:07-cr-00557 in the Southern District of Iowa (Dkt. No. 49 in Case No. 3:07-cr-00557). Mr. Johnson was initially sentenced to 260 months of imprisonment to be followed by 10 years of supervised release, with conditions of substance abuse evaluation and treatment and payment of a $100.00 assessment fee (Dkt. No. 79 in Case No. 3:07-cr-00557).  Based on a motion made pursuant to 18 U.S.C. § 3553(e) and Federal Rule of Criminal Procedure 35(b), Mr. Johnson's sentence was reduced to 202 months of imprisonment and then reduced further pursuant to 18 U.S.C. § 3582(c) to 150 months of imprisonment (Dkt. No. 122 in Case No. 3:07-cr-00557).

Mr. Johnson began his term of supervised release on March 14, 2018, and his supervised release was transferred to the Eastern District of Arkansas, on or about May 10, 2018 (Dkt. No. 124 in Case No. 3:07-cr-00557).

Mr. Johnson has complied with all financial obligations related to his sentence (Dkt. No. 2, at 5).  Mr. Johnson represents that, while incarcerated, he successfully completed the Residential Drug Abuse Program and courses on self-discipline, linguistics, parenting, typing, money management, and financial responsibility; received certifications to be a personal trainer and nutritionist; and obtained his GED (*Id.*, at 3).  Further, Mr. Johnson states that, since his release from custody, he has spent time working for a Sheraton Hotel and at several LA Fitness locations around Central Arkansas.  Currently, he is employed full-time since January 2019 as a Merchandiser for Frito-Lay in Little Rock and operates his own personal-training business, as well (*Id.*, at 3-4).  Mr. Johnson has four adult children and a grandchild and informs the Court that he has remained active in his children's lives despite incarceration (*Id.*, at 4).

Mr. Johnson seeks early termination of his supervised release, in part, to afford an opportunity to advance with his current employer.  Mr. Johnson states that he seeks to be eligible for a promotion to Route Sales Associate but requires the ability to travel across state lines to cover open routes for his current employer to do so (*Id.*, at 6).  Mr. Johnson also explains to the Court that his fiancé resides in the Dallas, Texas, area, and that his ultimate goal is to locate closer to her while maintaining his current employment (*Id.*).

The government opposes Mr. Johnson's motion (Dkt. No. 10).  The government points out that, at the time of sentencing, the sentencing court determined ten years of supervised release was appropriate under the factors set forth at 18 U.S.C. § 3553(a) (Dkt. No. 10, at 3).  Further, the government notes that, for seven months of his supervised release, Mr. Johnson has failed to submit monthly supervision reports in compliance with requirements (*Id.*, at 2).  The government argues that Mr. Johnson does not offer a compelling explanation as to why early termination of supervised release would serve the interest of justice and that mere compliance with the terms of supervised

release do not justify early termination because compliance is expected (*Id.*, at 2-3).  Despite Mr. Johnson's arguments, the government asserts that nothing about supervised release imposes any "unusual hardship" on Mr. Johnson and requests that the Court deny his motion.  *See United States v. Kattom*, Case No. 4:06-cr-00053-06 JLH, 2009 WL 3783783, *1 (E.D. Ark. Nov. 10, 2009).

Pursuant to 18 U.S.C. § 3583(e), the Court may terminate a term of supervised release where, after consideration of the Federal Rules of Criminal Procedure and certain enumerated factors, the Court concludes that such action is warranted by the conduct of the defendant and is in the interest of justice.  The Court finds that, with the exception of completing monthly supervision reports as required for approximately seven months, Mr. Johnson has complied with his conditions of supervised release.  As the government correctly points out, this violation did not result in a petition for revocation being filed by the government, and the probation officer informs the Court that these reports have now been completed by Mr. Johnson.  Of course, this Court expects compliance with the conditions of supervised release from every defendant who appears before the Court.  Based on the information before the Court, the Court finds that Mr. Johnson has made substantial progress in regard to the goals of supervision and concludes that Mr. Johnson's behavior since he began his term of supervised release goes beyond mere compliance with the conditions of supervised release.  In reaching its decision with respect to Mr. Johnson's current motion, the Court has also considered the nature of the crime for which Mr. Johnson is currently on supervised release and weighs the fact that, at the time of sentencing, the Court concluded that a term of supervised release of ten years was sufficient but not greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a).  As Mr. Johnson points out, his term of imprisonment was reduced from the term initially imposed, but there was no corresponding reduction in the term of supervised release initially imposed.

After careful consideration of the parties' filings, taking all of the facts into account and considering the appropriate factors, the Court finds that early termination of Mr. Johnson's supervised release is warranted by Mr. Johnson's conduct and in the interest of justice.  18 U.S.C. § 3583(e)(1).   Accordingly, the Court grants Mr. Johnson's motion for early termination of supervised release (Dkt. No. 2).

It is so ordered this 19th day of November, 2020.

Kristine G. Baker
United States District Judge